UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANGEL MAXION and DAISY MAXION,
individually and on behalf of
all others similarly situated,

NO. CIV. S 08-1650 FCD KJM

            Plaintiffs,

     v.                              MEMORANDUM AND ORDER

BEAZER HOMES HOLDINGS CORP.,
*et al.*,

            Defendants.

----oo0oo----

     This matter is before the court on defendants Beazer Homes

Holdings Corp., Beazer Homes USA Inc., and Security Title

Insurance Company's (collectively "defendants") motion to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure[1] or, in the alternative, for summary judgment pursuant

to Rule 56.  Plaintiffs Angel Maxion and Daisy Maxion

---

     [1]    Any further references to a "Rule" or "Rules" are to
the Federal Rules of Civil Procedure unless otherwise stated.

1

1 ("plaintiffs") oppose the motion and request a denial or

2 continuance of defendants' summary judgment motion under Rule

3 56(f).[2]  For the reasons set forth below,[3] defendants' motion to

4 dismiss is DENIED, and plaintiffs' motion to continue the hearing

5 on defendants' motion for summary judgment is GRANTED.

**BACKGROUND**[4]

7      Defendants Beazer Homes Holdings Corp. and Beazer Homes USA

8 Inc. (collectively "Beazer") build and sell new homes.  (FAC

9 ¶ 4.)  In or about March 1999, Beazer created defendant Security

10 Title Insurance Company ("Security Title"), a wholly owned

11 subsidiary, as a captive title reinsurance company.  (Id. at

12 ¶¶ 21, 23.)  Reinsurance is a service whereby an insurance

13 company (the "primary" insurer) has a second insurance company

14 (the "reinsurer") reinsure its risk.  Beazer used Security Title

15 to reinsure transactions referred by Beazer to outside title

16 insurers.  (Id. at ¶ 21.)  Through its reinsurance arrangements,

17 Beazer allegedly obtained monies for the referral of title

18 insurance business.  (Id.)  Plaintiffs allege that the purported

19 reinsurance service and fee were not bona fide, but instead were

20 a sham established to disguise kickbacks and fee splitting

21 amongst defendants and primary title insurance companies.  (Id.

---

22

23      [2]     Although plaintiffs do not refer to Rule 56(f)
specifically, the court construes their opposition as seeking
relief thereunder.  Plaintiffs have introduced facts sufficient
24 to support a Rule 56(f) continuance as set forth below.

25      [3]     Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
26 E.D. Cal. L.R. 78-230(h).

27      [4]     The facts contained herein are drawn from plaintiffs'
first amended complaint.  (See Pls.' First Amended Complaint
28 ("FAC"), filed July 17, 2008.)

1  at ¶ 26.)

2      Plaintiffs purchased a new home from Beazer in or about

3  October 2005.  (<u>Id.</u> at ¶ 20.)  Plaintiffs allege that Security

4  Title acted as a title reinsurer for this transaction and

5  accordingly received part of the premiums for the title insurance

6  paid to the primary title insurance company.  (<u>Id.</u> at ¶ 23.)

7  Defendants did not inform plaintiffs of the reinsurance agreement

8  between Security Title and the primary title insurer, and

9  plaintiffs did not learn of the agreement until October 2007.

10  (<u>Id.</u> at ¶¶ 33, 34.)  In October 2007, defendants settled an

11  action with the United States Department of Housing and Urban

12  Development ("HUD") that accused defendants of accepting

13  kickbacks in violation of the Real Estate Settlement Procedures

14  Act ("RESPA"), 12 U.S.C. § 2607.  (<u>Id.</u>)

15      Plaintiffs filed the instant action on March 12, 2008.  The

16  FAC asserts claims for RESPA violations, breach of contract,

17  fraudulent concealment, negligence, unfair business practices,

18  and restitution.  Defendants now move to dismiss plaintiffs'

19  claims as untimely.  In the alternative, defendants move for

20  summary judgment on all of plaintiffs' claims based on their

21  contention that no reinsurance agreements were made in the

22  instant case.

23                        **STANDARD**

24  **A.   Rule 12(b)(6)**

25      On a motion to dismiss, the allegations of the complaint

26  must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322

27  (1972).  The court is bound to give plaintiff the benefit of

28  every reasonable inference to be drawn from the "well-pleaded"

3

1 allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v.</u>

2 <u>Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

3 need not necessarily plead a particular fact if that fact is a

4 reasonable inference from facts properly alleged.  <u>See</u> <u>id.</u>

5      Nevertheless, it is inappropriate to assume that the

6 plaintiff "can prove facts which it has not alleged or that the

7 defendants have violated the . . . laws in ways that have not

8 been alleged."  <u>Associated Gen. Contractors of Calif., Inc. v.</u>

9 <u>Calif. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

10 Moreover, the court "need not assume the truth of legal

11 conclusions cast in the form of factual allegations."  <u>United</u>

12 <u>States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th

13 Cir. 1986).

14      Ultimately, the court may not dismiss a complaint in which

15 the plaintiff alleged "enough facts to state a claim to relief

16 that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>,

17 127 S. Ct. 1955, 1973 (2007).  Only where a plaintiff has not

18 "nudged [his or her] claims across the line from conceivable to

19 plausible," is the complaint properly dismissed.  <u>Id.</u>  "[A] court

20 may dismiss a complaint only if it is clear that no relief could

21 be granted under any set of facts that could be proved consistent

22 with the allegations."  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S.

23 506, 514 (2002) (quoting <u>Hudson v. King & Spalding</u>, 467 U.S. 69,

24 73 (1984)).

25 **B.   Rule 56(f)**

26      When a party opposing a motion for summary judgment cannot

27 present "facts essential to justify his opposition" to the

28 motion, Rule 56(f) permits the party to submit an affidavit

4

1  stating such reasons, and the court may continue or deny the

2  motion if the opposing party needs to discover essential facts.

3  Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518

4  (9th Cir. 1987) (citing Hancock v. Montgomery Ward Long Term

5  Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986)).

6  Specifically, Rule 56(f) provides:

7       Should it appear from the affidavits of a party
         opposing the motion that the party cannot for reasons
8       stated present by affidavit facts essential to justify
         the party's opposition, the court may refuse the
9       application for judgment or may order a continuance to
         permit affidavits to be obtained or depositions to be
10      taken or discovery to be had or may make such other
         order as is just.

11 Fed. R. Civ. Proc. 56(f).  The burden is on the party seeking

12 additional discovery to demonstrate that the information sought

13 exists, and that it would prevent summary judgment.  Nidds v.

14 Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996).  The

15 moving party must also demonstrate that it diligently pursued

16 previous discovery opportunities.  Qualls v. Blue Cross of

17 California, 22 F.3d 839, 844 (9th Cir. 1994).

18      The Ninth Circuit has noted that "denial of a Rule 56(f)

19 application is generally disfavored where the party opposing

20 summary judgment makes (a) a timely application which (b)

21 specifically identifies (c) relevant information, (d) where there

22 is some basis for believing the information sought actually

23 exists."  Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784

24 F.2d 1472, 1475 (9th Cir. 1986).  Rule 56(f) motions "'should be

25 granted almost as a matter of course' unless 'the nonmoving party

26 has not diligently pursued discovery of the evidence.'"  Wichita

27 Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919 n. 4

28

1 (5th Cir. 1992) (quoting <u>International Shortstop, Inc. v.

2 Rally's, Inc.</u>, 939 F.2d 1257, 1267 (5th Cir. 1991)); <u>Burlington</u>,

3 323 F.3d at 773; <u>see also</u> <u>Qualls</u>, 22 F.3d at 844.

4 **ANALYSIS**

5 **A.   Defendants' Motion to Dismiss**

6      Defendants move to dismiss plaintiffs' RESPA claim on the

7 ground that it is barred by the applicable statute of

8 limitations.  Defendants further contend that plaintiffs'

9 remaining state law claims must be dismissed as they are premised

10 solely on the alleged RESPA violations.[5]

11      Private RESPA claims carry a one-year statute of

12 limitations.  12 U.S.C. § 2614.  Defendants contend that the

13 statutory period began no later than January 2006, the date

14 defendants allege the loan closed.  (Defs.' Mot. to Dismiss Pls.'

15 First Am. Compl. or, in the Alternative, For Summ. J. ("Defs.'

16 Mot."), 5:8-10, filed Aug. 28, 2008.)  Although plaintiffs did

17 not file their complaint until March 12, 2008, they contend that

18 their RESPA claim is timely pursuant to the doctrines of

19 equitable tolling, equitable estoppel, and/or delayed discovery.

20      As to the first doctrine, equitable tolling is applicable to

21 RESPA claims where, "despite all due diligence, a plaintiff is

22 unable to obtain vital information bearing on the existence of

23 his claim."  <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1178

24 (9th Cir. 2000).  If a plaintiff is unaware of his claim, despite

25 the exercise of due diligence, the statutory limitation period is

26 _____

27      [5]   In light of the court's holding below that the RESPA
    claim is timely filed, defendants' arguments concerning the
    remaining state law claims are moot, and the court does not
28 address those issues herein.

6

1 tolled for so long as a reasonable plaintiff would not have known

2 of a possible claim.  In other words, the statutory period does

3 not begin to run until the plaintiff should reasonably be aware

4 of the existence of a possible claim.  Socop-Gonzalez v. I.N.S.,

5 272 F.3d 1176, 1195-96 (9th Cir. 2001) (holding that the statute

6 of limitations in the alien petitioner's motion to reopen

7 deportation proceedings was equitably tolled where an Immigration

8 and Naturalization Service officer negligently provided

9 petitioner with incorrect advice regarding deportation

10 proceedings).

11     Defendants mistakenly argue that plaintiffs are not entitled

12 to equitable tolling because they have not adequately pled

13 "fraudulent concealment."  Defendants' argument confuses

14 equitable tolling with equitable estoppel, an independent tolling

15 doctrine.  "Equitable estoppel . . . may come into play if the

16 defendant takes active steps to prevent the plaintiff from suing

17 in time--a situation [often referred to as] fraudulent

18 concealment.[6]"  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir.

19 2002).  However, "[u]nlike equitable estoppel, equitable tolling

20 does not depend on any wrongful conduct by the defendant to

21 prevent the plaintiff from suing.  Instead it focuses on whether

22 there was excusable delay by the plaintiff."  Santa Maria, 202

23 F.3d at 1178.  Thus, while fraudulent concealment *can* support

24

25     [6] To establish fraudulent concealment, and thereby to invoke the doctrine of equitable estoppel, a plaintiff must show that: (1) the defendant actively mislead the plaintiff as to the

26 operative facts that gave rise to his claim, and (2) the plaintiff had neither actual nor constructive knowledge of the

27 operative facts despite his diligence in trying to uncover them. Thorman v. Am. Seafoods Co., 421 F.3d 1090, 1094 (9th Cir. 2005);

28 accord Grimmet v. Brown, 75 F.3d 506, 515 (9th Cir. 1996).

7

1  tolling of the statute of limitations where it renders a

2  plaintiff unable to obtain vital information regarding his claim,

3  it is not *necessary* for a plaintiff to establish fraudulent

4  concealment in all cases.  As stated above, to invoke the

5  doctrine of equitable tolling, a plaintiff must show only that he

6  "was unable to obtain vital information regarding the existence

7  of a claim despite [his own] due diligence."  Kay v. Wells Fargo

8  & Co., 247 F.R.D. 572, 578 (N.D. Cal. 2007) (holding that

9  plaintiff home-buyer should have known of the possible existence

10 of a RESPA claim where the defendant fully informed the plaintiff

11 of its reinsurance agreement).

12     In this case, assuming the truth of the facts as alleged in

13 the FAC, the court cannot find that plaintiffs knew or should

14 have known of the possible existence of a RESPA claim prior to

15 the disclosure of the HUD settlement in October 2007.  Plaintiffs

16 specifically allege that they did not know of the reinsurance

17 agreement before October 2007, and nothing in the pleading

18 suggests that they should have been aware of their claim prior to

19 that date.  (Id. at ¶¶ 33, 34.)  Indeed, defendants do not argue

20 that plaintiffs should have been aware of a possible RESPA claim

21 before October 2007.  Instead, they argue only that plaintiffs

22 could not have known of a possible claim because, in fact, no

23 such claim existed.  Defendants' argument ignores the standard

24 under Rule 12(b)(6), under which the court must assume the truth

25 of plaintiffs' allegations.  Because plaintiffs have alleged the

26 existence of a reinsurance agreement, defendants' contention that

27 no agreement exists presents a factual issue which cannot be

28 resolved on a motion to dismiss.  Plaintiffs' allegations in the

8

1  FAC are sufficient to establish a basis for equitable tolling.

2  Under the facts alleged in the FAC, the statutory period was

3  tolled until the disclosure of the HUD settlement in October

4  2007, and plaintiffs' complaint, filed in March 2008, was

5  therefore timely.[7]

6  **B.   Defendants' Motion for Summary Judgment**

7     Defendants move for summary judgment on all of plaintiffs'

8  claims based on their contention that no reinsurance agreements

9  were made in the instant case.

10    Preliminarily, plaintiffs ask the court to deny defendants'

11 motion for summary judgment based on defendants' failure to file

12 an accompanying statement of undisputed facts.  Eastern District

13 Local Rule 56-260(a) requires that:

14       Each motion for summary judgment or summary adjudication
         shall be accompanied by a "Statement of Undisputed Facts"
15       that shall enumerate discretely each of the specific
         material facts relied upon in support of the motion and cite
16       the particular portions of any pleading, affidavit,
         deposition, interrogatory answer, admission or other
17       document relied upon to establish that fact.

18 While the court notes defendants' failure to include a statement

19 of undisputed facts, such failure is immaterial in light of the

20 court's decision to grant plaintiffs' request for a continuance

21 pursuant to Rule 56(f).[8]

22    Next, plaintiffs contend the motion should be continued

23 because discovery has not yet commenced.  (Pls.' Opp'n to Defs.'

24

25    [7]   Because plaintiffs' complaint was timely filed pursuant
   to the doctrine of equitable tolling, the court does not reach
   plaintiffs' arguments regarding equitable estoppel or delayed
26 discovery.

27    [8]   However, in conjunction with submitting a supplemental
   memorandum of points and authorities, as set forth below,
28 defendants shall file the required statement of undisputed facts.

1  Mot. to Dismiss Pls.' First Am. Compl. or, in the Alternative,

2  for Summ. J. ("Pls.' Opp'n"), 15:26-27, filed Sep. 19, 2008.)

3  Although defendants do not contest that no discovery has taken

4  place, they argue that plaintiffs have failed to identify the

5  specific documents that plaintiffs believe provide the basis for

6  the complaint.  (Defs.' Reply at 7:1-15.)  However, courts

7  recognize that "where . . . no discovery whatsoever has taken

8  place, the party making a Rule 56(f) motion cannot be expected to

9  frame its motion with great specificity as to the kind of

10 discovery likely to turn up useful information, as the ground for

11 such specificity has not yet been laid."  Burlington N. Santa Fe

12 R.R. Co. v. Assiniboine and Sioux Tribes, 323 F.3d 767, 774 (9th

13 Cir. 2003).  "Although Rule 56(f) facially gives judges the

14 discretion to disallow discovery when the non-moving party cannot

15 yet submit evidence supporting its opposition, the Supreme Court

16 has restated the rule as *requiring*, rather than merely

17 permitting, discovery 'where the non-moving party has not had the

18 opportunity to discover information that is essential to its

19 opposition.'"  Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832,

20 846 (9th Cir. 2001) (citing Anderson v. Liberty Lobby, Inc., 477

21 U.S. 242, 250 n. 5, (1986)) (emphasis added).

22      Plaintiffs have met the requirements of Rule 56(f) by

23 identifying several facts, through the declaration of their

24 counsel, which they believe are essential to their claim and

25 would allow them to oppose defendants' motion for summary

26 judgment.  The discovery plaintiffs believe is relevant includes:

27 "(1) obtaining production of the complete file for plaintiffs'

28 transaction, (2) obtaining documents relating to defendants'

1 reinsurance program, including when it ceased, (3) deposing W.

2 Mark Berry, who submitted a declaration in support of defendants'

3 motion, (4) deposing defendants' person most knowledgeable

4 regarding defendants' reinsurance program, and (5) deposing

5 defendants' person most knowledgeable regarding plaintiffs'

6 transaction."  (Haffner Decl. ¶ 2).

7       Plaintiffs contend that they need to obtain this evidence to

8 determine whether defendants' reinsurance arrangement was still

9 in place at the time of plaintiffs' transaction, and whether

10 plaintiffs' title insurance was reinsured by defendant Security

11 Title.  (Pls.' Opp'n at 16:3-6.)  In the HUD settlement,

12 defendants state that "no new title reinsurance business was

13 written *after* 2005."  (Pls.' Opp'n, Ex. 2.)  However, plaintiffs

14 argue that their title insurance was written *during* 2005, before

15 defendants ceased their reinsurance business.  (Pls.' Opp'n, Ex

16 1.)  In response, defendants present the declaration of W. Mark

17 Berry, Vice President of Security Title.  In his declaration,

18 Berry states that "the title insurance purchased by [plaintiffs]

19 in connection with their loan was not part of any reinsurance

20 agreement involving Security Title."  (Berry Decl. ¶ 9.)

21       In light of defendants' conflicting statements regarding the

22 duration of their reinsurance business, plaintiffs have met their

23 burden of demonstrating that additional discovery is needed to

24 uncover critical and potentially dispositive information

25 regarding (1) whether defendants' reinsurance arrangement was

26 still in place at the time of plaintiffs' transaction, and

27 (2) whether plaintiffs' title insurance was reinsured by Security

28 Title.  See Garrett, 818 F.2d 1515, 1518-19 (9th Cir. 1987)

11

1   (holding that plaintiff satisfied the requirements of Rule 56(f)

2   where the plaintiff's declaration made clear that he sought

3   personnel records for the purpose of demonstrating that similarly

4   situated employees were being treated differently on the basis of

5   race).

6        Therefore, because plaintiffs have sufficiently demonstrated

7   that additional discovery is needed to adequately respond to

8   defendants' motion, the court continues defendants' motion for

9   summary judgment pending discovery as set forth below:

10       (1)  The parties have until January 30, 2009, to conduct

11            discovery pertaining to the issues raised by

12            defendants' motion for summary judgment.

13       (2)  Defendants shall file a supplemental memorandum of

14            points and authorities in support of their motion for

15            summary judgment, addressing the discovery, on or

16            before February 27, 2009.

17       (3)  Plaintiffs shall file a supplemental opposition

18            addressing the same on or before March 13, 2009.

19       (4)  Defendants' reply thereto shall be filed on or before

20            March 20, 2009.

21       (5)  Defendants' motion for summary judgment is continued to

22            March 27, 2009, at 10:00 a.m., in Courtroom 2.

23                            **CONCLUSION**

24       For the foregoing reasons, defendants' motion to dismiss is

25   DENIED, and plaintiffs' motion to continue defendants' motion for

26   summary judgment pending discovery pursuant to Rule 56(f) is

27   GRANTED.  Defendants' motion for summary judgment is hereby

28

                                  12

1 | continued to March 27, 2009.[9]

2 |      IT IS SO ORDERED.

3 | DATED: October 28, 2008

4 |

_____

FRANK C. DAMRELL, Jr.

5 | UNITED STATES DISTRICT JUDGE

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

_____

26 |      [9]      In their opposition, plaintiffs request leave to amend their complaint to add or substitute other former customers of

27 | defendants who bought their homes prior to 2005.  To amend their complaint, plaintiffs must file a properly noticed motion.  E.D.

28 | Cal. L.R. 78-230.

13